**[J-45-2017]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| ERIE INSURANCE EXCHANGE | : | No. 124 MAP 2016 |
| | : | |
| | : | Appeal from the Order of the Superior |
| | : | Court dated 5/27/16 at No. 1119 EDA |
| v. | : | 2015 which affirmed the order of the |
| | : | Court of Common Pleas of Montgomery |
| | : | County, Civil Division, dated 3/20/15 at |
| MICHAEL BRISTOL AND RCC, INC. | : | No. 2013-12947 |
| | : | |
| APPEAL OF: MICHAEL BRISTOL | : | ARGUED: May 10, 2017 |

**CONCURRING STATEMENT**

**CHIEF JUSTICE SAYLOR**                                    **FILED: May 24, 2017**

I write in response to Justice Wecht's dissenting statement, which chides the Court for amending an original grant order to conform with the precise wording presented by the appellant in the first instance, and for purportedly accepting review of a waived issue.

First of all, this Court's original grant order restyling the statement of the question presented was not a limited one – rather, the issue was merely and expressly "rephrased for clarity." *Erie Ins. Exch. v. Bristol*, No. 439 MAL 2016, 2016 WL 7475709 (Pa. Dec. 29, 2016) (*per curiam*). In joining that order, I, for one, had no intention of limiting a pivotal substantive question out of the case. Accordingly, I regard the Court's present action not as some extraordinary "retroactive expan[sion]," Dissenting Statement at 1, but rather, as an appropriate correction which, importantly, conforms entirely with the briefs submitted to this Court by the litigants.

Second, as to the waiver concern, running throughout Appellant Bristol's submissions in the common pleas and intermediate courts is the assertion that "Erie's claim that this matter is barred by the applicable statute of limitations is without merit because, by agreeing to resolve this matter through arbitration, there was no need for and *no legal* or contractual *requirement* that Michael Bristol file a Complaint, Petition to Compel Arbitration or any other pleading." Defendant's Motion for Summary Judgement in *Erie Ins. Exch. v. Bristol*, No. 2013-12947 (C.P. Montgomery), at 6-7 (emphasis added).[1] Although it would have been best for Appellant to forthrightly indicate in the common pleas court that he understood that the court was bound by prevailing Superior Court precedent concerning the timing of the commencement of the limitations period, but that he wished nevertheless to preserve a challenge for purposes of potential appellate review, I believe that his arguments have been phrased broadly enough to substantively subsume the commencement issue.

Significantly, moreover, nowhere in Appellee's present brief does the company contend that the commencement issue is waived. Indeed, Appellee repeatedly invites this Court to review the issue and to institutionalize the prevailing Superior Court precedent on the subject. *See, e.g.*, Brief for Appellee at 27 ("[T]his Court should uphold the *Hopkins* rule that provides a sensible and easy to establish time for the

---

[1] The dissent's assertion that the case substantively was always and entirely about equitable tolling overlooks Appellant's contention -- also advanced in the petition for allowance of appeal -- that there was no legal requirement to act in the first instance. *See* Petition for Allowance of Appeal at 11 (contending that "the event that triggers a party's obligation to seek judicial intervention, *i.e.*, the refusal to arbitrate, never occurred here"); *see also id.* at 12 ("By agreeing to resolve this matter through arbitration, there was no need for and no legal or contractual requirement that [Appellant] file a Complaint, Petition to Compel Arbitration, or any other pleading."). In the absence of an underlying legal requirement to affirmatively preserve a cause of action, there is no predicate for equity to intervene, and nothing to be tolled.

statute of limitations to begin to run."). In my view, the *sua sponte* scouring of trial records to identify waiver concerns -- when all litigants agree that an important issue is presented that should be resolved by this Court -- can be disruptive. In this regard, I have often commented on the prudential roots of the waiver doctrine, and, from my perspective, its proper application through discerning judgment.

Finally, attempting to decide a tolling question in the absence of a settled understanding as to when the applicable limitations period commences is fraught with difficulties. For instance, it may be that the Court would find tolling appropriate *only* if the statute runs from the date of injury, as the intermediate-court precedent holds. Tolling, in this regard, could be viewed as compensation for an underlying approach to commencement with which the Court disagrees. Were the Court to proceed on such a basis, it would issue a decision having application only within an underlying framework of the Superior Court's design, which could later be rejected by this Court. Our decision, of course, would need to be carefully crafted with all the necessary disclaimers to avoid adoption of a regime that this Court has never previously addressed.

I see no reason that such abstractions need to come into play here. Rather, I regard the Court's present amendatory order as an appropriate one.

Justices Baer, Todd, Donohue, Dougherty and Mundy join this concurring statement.